UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| WILLIAM A. MCALPINE, ) | CASE NO. 1:14 CV 561 |
| ) | |
| Plaintiff, ) | JUDGE DAN AARON POLSTER |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| CUYAHOGA METROPOLITAN HOUSING ) | AND ORDER |
| AUTHORITY, et al., ) | |
| ) | |
| Defendants. ) | |

**INTRODUCTION**

On March 14, 2014, 2012, plaintiff *pro se* William A. McAlpine filed this *in forma pauperis* action against the Cuyahoga Metropolitan Housing Authority ("CMHA"), Lakeview Towers Manager, and the CMHA Police Department. Plaintiff identifies himself as a 62 year-old disabled veteran who has resided at Lakeview Towers for five years. He alleges in the complaint that defendants would not accept a grievance procedure form he tendered. He further alleges he was awakened in his apartment by CMHA police officers at 4:30 a.m. on February 28, 2014, and that the officers searched the apartment looking for an anonymous woman. During the course of the search, the officers allegedly confirmed on a walkie-talkie with the Lakeview Tower Manager that they were searching the correct apartment.

Citing 42 U.S.C. §§ 3610(a) and 3617 of the Fair Housing Act, as well as the Fourth Amendment, plaintiff asserts the foregoing events constituted unspecified discrimination, and that he was denied the peaceful and undisturbed enjoyment and possession of his leasehold. He seeks damages as relief.

**STANDARD OF REVIEW**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell At. Corp. V. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (2009). A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

**LAW AND ANALYSIS**

a.) <u>Fair Housing Act</u>

The Fair Housing Act prohibits, *inter alia*, discrimination in the terms, conditions, or privileges of rental of a dwelling based on race, color, religion, sex, familial status, national origin or handicap. 42 U.S.C. §§ 3604 (b) and (f). An aggrieved person has the right, within one

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *Chase Manhattan Mortg. Corp. v. Smith,* 507 F.3d 910, 915 (6th Cir. 2007); *Gibson v. R.G. Smith Co.,* 915 F.2d 260, 261 (6th Cir. 1990); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986).

year of the alleged discriminatory housing practice, to file a complaint with the Secretary of Housing and Urban Development. Such a complaint "may be filed with the Assistant Secretary for Fair Housing and Equal Opportunity Department of Housing and Urban Development, Washington, DC 20410, or any Regional or Area Office of the Department." 24 CFR § 107.35.

Even construing the complaint liberally in a light most favorable to the plaintiff, *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008), it simply does not contain allegations reasonably suggesting he might have a valid discrimination claim under the Fair Housing Act. *See*, *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief).

b.) <u>Fourth Amendment</u>

The Constitution does not directly provide for damages. To sustain a constitutional cause of action, plaintiff must proceed under 42 U.S.C. § 1983, which authorizes damages for constitutional violations. *Sanders v. Prentice-Hall Corp. Sys.*, 178 F.3d 1296 (6th Cir. 1999).

In *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), the Supreme Court stated that "the initial inquiry [in a section 1983 action] must focus on whether the two essential elements ... are present: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

Liability under § 1983 may not be premised on the theory of *respondeat superior*. *Leary v. Daeschner,* 349 F.3d 888, 903 (6th Cir. 2003); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir.), *cert. denied,* 469 U.S. 845 (1984). Supervisors are not subject to liability based solely on the right to control employees, or "simple awareness of employees' misconduct." *Leary,* 349 F.3d at 903. Nor does § 1983 permit a plaintiff to sue a government entity based on *respondeat superior*. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 692- 94 (1978). Such an

entity may only be held liable under § 1983 for its own wrongdoing, i.e., when it has an official policy or custom that deprives an individual of constitutional rights. *Id.*

Again construing the complaint liberally, the allegations concerning the search of plaintiff's apartment indicate any liability of defendants could based only on the theory of *respondeat superior*, as there is nothing to suggest the defendant manager violated plaintiff's constitutional rights, or that the defendant entities had a custom or policy resulting in such a violation.

## CONCLUSION

Accordingly, the request to proceed *in forma pauperis* is granted, and this action is dismissed under section 1915(e). Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

      */s/Dan Aaron Polster 6/10/14*
      DAN AARON POLSTER
      UNITED STATES DISTRICT JUDGE